27 F.3d 562
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lawrence S. BOROW; Kenneth Borow; Fergal K. Gartlan, on
behalf of themselves and all others similarly
situated, Plaintiffs-Appellants,
NVIEW CORPORATION; James H. Vogeley; William H. Donaldson,
Defendants-Appellees.
 No. 93-2142.
 United States Court of Appeals, Fourth Circuit.
 Argued April 12, 1994.
Decided June 29, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, District Judge. (CA-92-105-4, CA-93-18-4)
 Bruce K. Cohen, Meredith & Cohen, P.C., Philadelphia, PA, for appellants.
 Hunter W. Sims, Jr., Kaufman & Canoles, P.C., Norfolk, VA, for appellees.
 Robert M. Wolff, Meredith & Cohen, P.C., Philadelphia, PA; Joseph P. Garland, Rabin & Garland, New York, NY; Stewart J. Sacks, Faggert & Frieden, P.C., Chesapeake, VA; David N. Montague, Hampton, VA, for appellants.
 W. Edgar Spivey, Kaufman & Canoles, P.C., Norfolk, VA; George G. Yearsich, Kimberly A. Monti, Morgan, Lewis & Bockius, Washington, DC, for appellees.
 E.D.Va.
 AFFIRMED.
 Before HALL and LUTTIG, Circuit Judges, and TURK, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Lawrence S. Borow, Kenneth Borow, and Fergal K. Gartlan brought this class action against nVIEW Corporation and two of its officers, James H. Vogeley and William H. Donaldson, alleging that they had "inflate[d] the market price of nVIEW's common stock by misstating and concealing material information concerning nVIEW's financial and operating conditions and outlook," J.A. at 505 (Compl. p 51), in violation of sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. Secs. 78j(b) & 78t(a); the SEC's Rule 10b-5, 17 C.F.R. Sec. 240.10b-5; and the common law. According to the consolidated amended complaint, in connection with a public offering of nVIEW's common stock in which the corporation and the defendant officers participated, the defendants made numerous misrepresentations and omissions designed "to inflate the price of nVIEW's common stock in order to enrich themselves in connection with a public stock offering. After this stock offering, defendants continued this course of conduct in order to conceal, for as long as possible, their prior acts of fraud." J.A. at 489 (Compl.p 16).
 
 
 2
 The district court dismissed plaintiffs' first complaint without prejudice for, inter alia, failing to plead fraud with the particularity required by Fed.R.Civ.P.9(b).* Plaintiffs then filed a voluminous amended complaint, which the district court again dismissed for failing to plead fraud with particularity, concluding that plaintiffs had only "pled fraud by hindsight, which is insufficient for purposes of stating a claim under Rule 10b-5." Borow v. nVIEW Corp., 829 F.Supp. 828, 840 (E.D. Va.1993).
 
 
 3
 In so ruling, the district court held that although plaintiffs had identified in their amended complaint a number of specific statements which they alleged to be materially false and misleading, they had offered no basis for believing that those statements constituted the elaborate fraud they alleged. The complaint utterly failed to plead non-conclusory facts supporting an inference that the identified statements, which are almost exclusively either forward-looking statements or backward-looking statements which plaintiffs characterize as impliedly predicting future performance, were fraudulent. Instead, the plaintiffs had merely seized upon later disclosures of adverse developments--for example, problems in the on-site testing of new products which delayed their release, increased expenditures on operating expenses, and declining sales growth--as the basis for alleging that the defendants must have known of these developments or their likelihood at the time they made the identified statements and that the statements and predictions thus were either knowingly false or were made without a reasonable, good faith basis. These conclusory allegations, the district court found, were insufficient to satisfy Rule 9(b).
 
 
 4
 We have read the briefs, heard oral argument, and given full consideration to the parties' contentions. Finding no error in the thorough opinion of the court below, Borow v. nVIEW Corp., 829 F.Supp. 828 (E.D. Va.1993), and agreeing that plaintiffs' "conclusory allegations, with nothing more, do not meet the requirements of Rule 9(b)," id. at 840, we affirm on the reasoning of the district court.
 
 AFFIRMED
 
 
 *
 The district court dismissed with prejudice plaintiffs' claims for common law fraud and negligent misrepresentation under Fed.R.Civ.P.12(b)(6) on the grounds that Virginia has not recognized fraud on the market as a basis for common law fraud nor recognized negligent misrepresentation as an actionable tort. Borow v. nVIEW Corporation, No. CA-92-105-4 (E.D. Va. Apr. 7, 1993)